UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ALBERT JOHNSON, Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-16048 |
| CARGILL, INC., ET AL., Defendants | SECTION: "E" (5) |

### ORDER

Before the Court is a Motion for Summary Judgment filed by Defendant Cargill, Inc. ("Cargill").[1] Plaintiff Albert Johnson opposes the motion.[2] Cargill has filed a reply.[3] For the reasons that follow, the motion for summary judgment is **DENIED**.

This is a maritime personal-injury case. Plaintiff Albert Johnson alleges he was injured when he slipped on spilled grain and fell on the deck of the M/V HERCULES OCEAN, a vessel owned by Defendant Diamond Star Shipping, PTE, LTD (Diamond Star).[4] At the time of Plaintiff's injury on September 27, 2016, he was employed by Dockside Linemen, Inc., a subcontractor of Cargill. Plaintiff alleges Cargill was negligent in failing to ensure its grain elevator operations did not cause a spillage of grain onto the deck of the vessel, allowing accumulation of grain on the deck of the vessel such that it created an unreasonable risk of harm, failing to properly train and supervise its employees to prevent the type of spillage that led to Plaintiff's accident and injuries, and failing to warn Plaintiff and others of the dangerous condition.[5]

---

[1] R. Doc. 89.
[2] R. Doc. 92.
[3] R. Doc. 97.
[4] R. Doc. 1-3 at 3.
[5] R. Doc. 1-3 at ¶7.

On October 2, 2018, Diamond Star moved for summary judgment on the basis that it did not breach any legal duty owed to Plaintiff under *Scindia Steam v. De Los Santos*.[6] On November 1, 2018, the Court granted in part and denied in part Diamond Star's Motion for Summary Judgment.[7] The Court found the following: (1) Diamond Star did not breach the turnover duty because there was no grain spilled on the deck when the vessel was turned over;[8] (2) there was a disputed issue of material fact with respect to whether Diamond Star breached the active control duty because the parties disputed who controlled the walkway;[9] and (3) Diamond Star did not breach the duty to intervene because there was no unreasonably dangerous condition.[10]

On November 13, Diamond Star moved the Court to reconsider its ruling with respect to the active control duty, given the Court's ruling with respect to the duty to intervene.[11] In its ruling on the Motion for Summary Judgment, the Court found, "as a matter of law[,] that the spillage did not create an unreasonably dangerous condition" and, as a result, that Diamond Star did not have a duty to intervene.[12]

On December 10, 2018, Cargill filed the instant Motion for Summary Judgment, arguing that, since the Court found the grain on the deck of the M/V HERCULES OCEAN did not create an unreasonably dangerous condition, Plaintiff cannot prove that Cargill acted negligently.[13]

---

[6] R. Doc. 70.
[7] R. Doc. 84 (Order and Reasons); R. Doc. 70 (Motion for Summary Judgment).
[8] R. Doc. 84 at 5-6.
[9] *Id.* at 6-7.
[10] *Id.* at 10-11.
[11] R. Doc. 85.
[12] R. Doc. 84 at 10.
[13] R. Doc. 89.

On January 9, 2019 the Court granted in part and denied in part Diamond Star's Motion for Reconsideration, clarifying that there is a disputed issue of fact with respect to whether the amount of grain spilled on the deck was normal, common, and expected.[14] However, the Court concluded that such a dispute was not material to a determination of whether Diamond Star breached the duty to intervene because the condition was not "*so* hazardous that *anyone* can tell that its continued use creates an unreasonable risk of harm."[15]

Cargill's Motion for Summary Judgment is premised on the Court's finding that the spilled grain did not create an unreasonably dangerous condition.[16] The Court has now clarified that the condition was not "*so* hazardous that *anyone* can tell that its continued use creates an unreasonable risk of harm," so as to trigger Diamond Star's duty to intervene.[17] There remain factual disputes with respect to who controlled the walkway where the grain spilled and the amount of the grain spilled.[18]

Accordingly;

**IT IS ORDERED** that the Motion for Summary Judgment filed by Cargill, Inc.[19] is **DENIED**.

**New Orleans, Louisiana, this 9th day of January, 2019.**

                                                 *Susie Morgan*
                                    **SUSIE MORGAN**
                        **UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 98.
[15] *Id.* at 5-6 (citing *v. McCalls Boat Rentals, Inc.*, 227 F. App'x 397, 405 (5th Cir. 2007) (quoting *Greenwood*, 111 F.3d at 1248) (emphasis added)).
[16] R. Doc. 89.
[17] R. Doc. 98 at 5-6 (citing *Fontenot*, 227 F. App'x at 405 (quoting *Greenwood v. Societe Francaise De*, 111 F.3d 1239, 1248) (5th Cir. 1997) (emphasis added)).
[18] R. Doc. R. Doc. 89-3 at 1; R. Doc. 92-1 at 1; see also R. Doc. 98 at 6.
[19] R. Doc. 89.